UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEKLE TEWOLDE<br>1314 Massachusetts Avenue, NW #104<br>Washington, DC 20005<br><br>KIDIST SHIFERAW KIDANE<br>1314 Massachusetts Avenue, NW #104<br>Washington, DC 20005<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK<br>3415 Vision Drive<br>Columbus, Ohio 43219 | Case: 1:18-cv-00244  **JURY DEMAND**<br>Assigned To : Kelly, Timothy J.<br>Assign. Date : 2/12/2018<br>Description: Pro Se Gen. Civ. **(F-DECK)**<br><br>COMPLAINT FOR:<br><br>VIOLATIONS OF THE<br>REAL ESTATE SETTLEMENT<br>ACT<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiffs, Tekle Tewolde and Kidist Shiferaw Kidane, *Pro Se*, and file this action for actual and statutory damages for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*.

## JURISDICTIONAL STATEMENT

1.    This Court has subject matter jurisdiction over this action because it presents one or more federal questions, 28 U.S.C. § 1331.

2.    Jurisdiction of this Court also arises under 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

3.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the claims asserted by the Plaintiff' in the State of District of Columbia in this action because those claims are also related to the claims asserted by the Defendant that they form part

RECEIVED
FEB 1 2 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the action brought by the Plaintiff.

4. Jurisdiction of this Court also arises under 12 U.S.C. § 2605 for Defendant's violations of the Real Estate Settlement Procedures Act ("RESPA").

5. This Court has personal jurisdiction over Defendant because Defendant has transacted business in this District and the District of Columbia and because Defendant has committed acts herein detailed in this District and the District of Columbia.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), 1331

## THE PARTIES

### PLAINTIFF

7. Tekle Tewolde and Kidist Shiferaw Kidane, the Plaintiffs, are natural persons that own the real property in Washington, DC which is subject to the controversy. Plaintiffs were and are at all times pertinent to the allegations made herein persons, natural persons, and consumers within the meaning of RESPA, 12 U.S.C. § 2602(5). Plaintiffs are citizens of the District of Columbia. Plaintiffs have suffered damages due to the action(s) of the Defendant which are detailed herein.

### DEFENDANT

8. Defendant JP Morgan Chase Bank ("Chase") is an American multinational banking and financial services holding company incorporated in Delaware with its principal place of business in New York, New York.

## BACKGROUND

9. On or about October 11, 2007, Defendants entered into a consumer credit transaction with Gateway Funding Diversified Mortgage Services, L.P. by obtaining a $228,000.00 mortgage loan secured by the property known a 1314 Massachusetts Avenue, NW, # 104, Washington, DC ("Subject Property"). Defendants executed a Promissory Note ("Note") as part of the Loan transaction. This Note was secured by a Deed of on the Property in favor of Gateway Funding Diversified Mortgage Services, L.P. with the Mortgage Electronic Registration System ("MERS") as the "beneficiary" and nominee for the lender.

10. On June 26, 2014, MERS, as nominee for Gateway Funding Diversified Mortgage Services, L.P., executed an Assignment of Deed of Trust to HSBC Mortgage Corporation (USA) ("HBSC").

11. On December 9, 2015, HSBC filed a Complaint for Judicial Foreclosure in the District of Columbia Superior Court, captioned *HSBC Mortgage Corporation (USA) v. Tekle Tewolde & Kidist Shiferaw Kidane*, Case No. 2015 CA 009495 R (RP) (the "Foreclosure Action").

12. Chase is the mortgage servicer for the federally related Subject Loan and is attorney in fact for HSBC. On information and belief, Chase services numerous federally-related mortgage loans in that they are secured by a lien on residential real property designed principally for the occupancy of from one to four families, and in that they are made by "creditors" which make or invest in residential real estate loans aggregating more than $1 million per year.

13. After negotiations, Plaintiffs and Chase came to agreement for reinstatement of the loan. On May 25, 2017 Chase forwarded a reinstatement quote which was represented to Plaintiffs as the total amount due to reinstate the loan and that going forward the only payment due would be the mortgage payment.

14. Plaintiffs paid the reinstatement amount on June 6, 2017.

## CAUSE OF ACTION

### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2605 §§(e)(2) and (3)

15. Plaintiffs make their mortgage payments online to Chase, the mortgage servicer. When making the mortgage payment for October 1, 2017, Plaintiffs noticed that there were delinquency charges, late fee charges and a balance due on the account in excess of the monthly mortgage payments.

16. Plaintiffs applied for a loan to refinance their mortgage in October 2017 but were turned down due the foreclosure still being reported on their credit report. It took several phone calls to have Chase report to the consumer reporting agencies that the foreclosure case had been dismissed, but the failure to make this information available to the consumer reporting agencies cost Plaintiffs the opportunity to refinance.

.17. Plaintiff Tewolde also made several telephone calls in October 2017 to Chase to find out the source of the delinquency charges, late fee charges and a balance due on the account but received no assistance in resolving the matter except a reference to some unspecified escrow account delinquency. Finally, in November 2017, Plaintiffs were given an address to write to concerning their issues with the billing on the account.

18. On November 6, 2017 Plaintiff Tewolde sent a qualified written request to Chase at 3415 Vision Dr., Columbus Ohio 43219 Attention: Executive Officer. The letter identified the account and stated the reasons Plaintiffs believed the account was in error.

19. On November 10, 2017, Plaintiff Tewolde received a telephone call from Greg Noyes of Chase. Plaintiff Tewolde outlined the issues and informed Mr. Noyes that due to the reinstatement payment the only amount Plaintiffs owed Chase were the monthly mortgage

payments and that no escrow payments were due to Chase since Plaintiffs paid their own property taxes.

20. On November 13, 2017 Plaintiffs received a letter requesting further information in the form of copies of receipts for property tax that had been paid. Copies of the receipts were forwarded by fax on November 15, 2017.

21. On November 16, 2017 Mr. Noyes telephoned Plaintiff Tewolde and stated that the charges were due to Plaintiffs being behind on the 2016 escrow. Plaintiff Tewolde reiterated that the payment made to reinstate the mortgage was made on the representation that all amounts due and owing were paid at that time. There was no resolution of the matter as a consequence of this conversation.

22. After receiving no further response or explanation, on November 30, 2017, Plaintiff Tewolde wrote Mr. Noyes requesting that Mr. Noyes forward copies of the documents that support the claim that these charges relate to the 2016 escrow and why those charges were not included in the reinstatement payment.

23. As of the date of the filing of this complaint, Plaintiffs have received no response to this document request from Mr. Noyes or any other representative of Chase.

24. 12 U.S.C. § 2605 §§(e)(2)(A) requires:

> **(2) ACTION WITH RESPECT TO INQUIRY** Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
>
> **(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

Chase had violated this section since to date Chase has made no such corrections or crediting to Plaintiff's account.

25. Further 12 U.S.C. § 2605 §§(e)(2)(B) requires:

> **(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
> **(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
> **(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower;

Chase had violated this section since to date Chase has not provided any <u>written</u> explanation or clarification as to the reasons it believes that the account is correct as determined by Chase.

26. 12 U.S.C. § 2605 §§(e)(2)(C) requires:

> **(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
> **(i)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
> **(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

Chase had violated this section since to date, Chase has not provided Plaintiffs with a <u>written</u> explanation or clarification which includes the information requested by Plaintiffs in the November 30, 2017 letter that support the claim that these charges relate to the 2016 escrow and why those charges were not included in the reinstatement payment or an explanation of why the information requested is unavailable or cannot be obtained.

27. 12 U.S.C. § 2605 §§(e)(3) requires;

> **(3) PROTECTION OF CREDIT RATING**
> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed

by such borrower and relating to such period or qualified written request, to any consumer reporting agency

28. Chase had violated this section since beginning in October 2017 and continuing to date, Chase has reported delinquent payments to the consumer reporting agencies which has caused a decrease in the credit score of Plaintiff Tewolde.

29. Plaintiffs have been damaged by these violations of RESPA in that Chase continues to show the delinquency charges, late fee charges and a balance due on the account in excess of $4,000.00.

30. As a direct result of Chase's conduct in not responding in writing to Plaintiff's request and unlawfully reporting that Plaintiff's account is delinquent to the consumer reporting agencies, Plaintiffs have been damaged in that Plaintiff Tewolde's credit score has declined over 70 points which has prevented Plaintiffs from refinancing their mortgage which could save Plaintiffs approximately three points in interest over the life of the loan which savings are in excess of $70,000.00.

31. Chase has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA in at least the occasions described in this Count and as contemplated under 12 U.S.C. § 2605(f).

32. Accordingly, under 12 U.S.C. § 2605(f)(1)(B), Plaintiffs are entitled to recover from the Defendant any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [12 U.S.C. § 2605] not to exceed $2,000, for each such occasion.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that this Honorable Court:

    A.    Find that Defendant Chase Bank is in violation of 12 U.S.C. § 2605 §§(e)(2) and (3);

    B.    Award the compensatory and statutory damages as outlined herein; and

    C.    Such other relief as this Court may deem just and reasonable.

February 12 2018                       Respectfully submitted,

Tekle Tewolde
1314 Massachusetts Avenue, NW #104
Washington, DC 20005
Phone No.: 202-262-8134
Email:ttekle@hotmail.com

Kidist Shiferaw Kidane
1314 Massachusetts Avenue, NW #104
Washington, DC 20005

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _12_ day of February 2018.

Tekle Tewolde
1314 Massachusetts Avenue, NW #104
Washington, DC 20005

Kidist Shiferaw Kidane
1314 Massachusetts Avenue, NW #104
Washington, DC 20005

DISTRICT OF COLUMBIA)

Either known to me or having proper identification, Affiants personally came before me and having been duly sworn did state and affirm the above statements.

On this the _____ day of February 2018.